THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Joseph Brougher,**<br><br>     Plaintiff,<br><br>v.<br><br>**Mutual of Omaha Mortgage, Inc.,**<br><br>     Defendant. | Case No.  2:21-cv-1426<br><br><br>Complaint and<br>Demand for Jury Trial |

### PLAINTIFF'S COMPLAINT

**Joseph Brougher**, Plaintiff, by and through his attorneys, **Ginsburg Law Group, P.C.**, alleges the following against **Mutual of Omaha Mortgage, Inc.,** Defendant:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the Commonwealth of Pennsylvania.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in West Mifflin, Pennsylvania, 15122.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with headquarters, principal place of business or otherwise valid mailing address located at 3131 Camino Del Rio N #1100, San Diego, California 92108.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10.     At all times relevant hereto, Plaintiff has used a cell phone, the last four digits of which are 3624.

11.     Plaintiff's cell phone number was registered on the Do Not Call Registry on April 15, 2005. See Exhibit A.

12.     Plaintiff registered his cell phone on the Do Not Call Registry in order to obtain solitude and to avoid irritating solicitation calls.

13.     Beginning in or around July 2021, Defendant began sending automated text messages and placing automated telephone calls to Plaintiff on his cellular telephone for solicitation purposes.  Specifically, Defendant was contacting him about obtaining a mortgage.

14.     The calls from Defendant to Plaintiff were made on dates including but not limited to July 19, 2021 at 12:13, 1:04, and 1:56; July 20, 2021 at 10:35; July 21, 2021 at 9:37; July 23, 2021 at 12:05 and 7:17; July 26, 2021 at 3:52; July 27, 2021 at 10:58; July 28, 2021 at 4:00; July

29, 2021 at 11:32; August 2, 2021 at 10:52; August 3, 2021 at 10:13; and August 4, 2021 at 9:11 and 12:48.

15. Defendant sent text messages to Plaintiff on dates including, but not limited to: July 24, 2021, August 2, 2021, and August 4, 2021.

16. Plaintiff told Defendant to stop contacting him both verbally and in response to a text message, but the communications continued.

17. Frustrated by the continued communications, Plaintiff retained counsel.

18. Plaintiff's counsel sent correspondence to Defendant on August 4, 2021 requesting the communications cease and that all communications be through counsel.

19. However, Defendant continued to place unwanted harassing solicitation calls to Plaintiff on dates including, but not limited to: August 13, 2021 at 10:37; August 16, 2021 at 10:26 and 5:42; August 17, 2021 at 1:40; August 18, 2021 at 3:47; August 19, 2021 at 2:28; August 23, 2021 at 2:50; August 24, 2021 at 9:59 and 3:49; August 25, 2021 at 11:46; August 27, 2021 at 11:46 and 12:43; August 31, 2021 at 9:35 and 4:23; September 13, 2021 at 2:09; September 14, 2021 at 9:38 and 6:35; September 15, 2021 at 1:31; and September 16, 2021 at 9:55 and 5:06.

20. Upon information and belief, Defendant used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator.

21. Upon information and belief, Defendant maintains a stored list of 10-digit telephone numbers of consumers in its database for marketing purposes.

22. Upon information and belief, Defendant utilizes a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

23. The dialing system used by Defendant calls phone numbers stored in those databases.

24. Accordingly, Defendant's dialing system has the capacity to dial numbers using a random or sequential number generator.

25. Upon information and belief, Defendant's dialing system includes equipment which dials from the stored list of 10 digit consumer telephone numbers.

26. Defendant's dialing system employs computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

27. Furthermore, Defendant's dialing system uses computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

28. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

29. Plaintiff believes and avers that Defendant called him with an automatic telephone dialing system. Plaintiff believes this because Defendant's calls to Plaintiff began with a noticeable pause prior to a live representative of Defendant coming on the line.

30. While Plaintiff has not had the benefit of discovery, he intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

31. Plaintiff was not interested in a mortgage, did not request information from Defendant, and did not consent to Defendant's calls or texts.

32. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

33. Defendant's calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

25. Defendant's calls were not made for "emergency purposes."

26. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

27. Defendant exhibited willfulness in its violation of the TCPA by contacting Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

33. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

34. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

35. Upon information and belief, Defendant is not registered as a telephone solicitor.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Joseph Brougher,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **JOSEPH BROUGHER**, demands a jury trial in this case.

                                                                                  Respectfully submitted,

Dated: 10/19/2021                             By: *s/ Amy L. B. Ginsburg*
                                                     Amy L. B. Ginsburg, Esq.
                                                     Ginsburg Law Group, P.C.
                                                     196 W. Ashland Street #494
                                                     Doylestown, PA 18901
                                                     Phone: 855-978-6564
                                                     Facsimile: 855-777-0043
                                                     Email: aginsburg@ginsburglawgroup.com